DAVID P. DYER, Petitioner, v. ALONZO THOMPSON, STATE AUDITOR, Respondent.

1. *Revenue—Union Military Fund.*—When there are funds in the hands of the Treasurer for the redemption of Union Military bonds, and the Auditor has knowledge of that fact, it is the duty of the Auditor, upon bonds being presented, to calculate the principal and interest due upon such bonds and to draw his warrant upon the Treasurer for their payment, although upon a previous day bonds may have been presented and a warrant refused for the reason that there were no funds in the treasury applicable to their payment. The demands presented on any day should be taken up by the Auditor in the order they are presented, but a previous presentment on a day when there were no funds can have no effect to give any right of priority. (See State ex rel. Werkman v. Treasurer, 36 Mo. 49.)

*Petition for Mandamus.*

*Currier* and *Dyer*, for petitioner.

HOLMES, Judge, delivered the opinion of the court.

This is a petition for a *mandamus* upon the State Auditor, praying that he may be required to compute the interest on certain Union Military bonds presented for redemption, and to draw his warrant upon the State Treasurer for the amount of principal and interest when so computed. The return of the respondent substantially admits the fact that the bonds in question were presented as in the petition

11—VOL. XXXVII.

stated, and that the computation of interest was not made, nor any warrant drawn for the amount thereof; and various reasons are also given why the same was not done. It amounted to a refusal to compute the interest and draw the warrant as demanded. It further appears that on that day there were sufficient funds in the hands of the Treasurer applicable to the payment of said bonds. It also appears that other bonds had been presented to the Auditor in like manner, on previous days, when there were no funds in the treasury applicable to such purpose, and for which warrants had accordingly not been drawn. And among the reasons given by the respondent for his refusal to draw a warrant on the bonds in question here, when so presented, it is urged that there were other bonds which had been previously presented, and were entitled to priority in the order of their presentment. It is further contended that the Auditor should be governed in this matter solely by the regular quarterly reports of the Treasurer made to him under the statute. (R. C. 1855, p. 1547, § 1, clause 5, and § 3.)

In the case of Werkman v. Bishop, (July T., 1865,) it was held by this court that before the Treasurer could be required to redeem such bonds, they must have been presented to the Auditor for a computation of the interest due on them, and that his warrant must have been drawn for the amount which the Treasurer was to pay whenever there should be any money in the Union Military fund available for that purpose. The act reads as follows: "and when there is a sufficient amount available for such redemption in the 'Union Military fund,' then the Auditor shall draw his warrant upon the said Union Military fund for the amount of such bonds and interest." (Laws of 1865, p. 61, § 1.) No doubt the quarterly reports of the Treasurer constitute one of the modes in which the Auditor is to be officially informed as to the state of the funds in the hands of the Treasurer, but it is not necessarily the only mode; and these special acts would seem to have reference rather to the actual fact than to the Treasurer's quarterly report. In the present case, the

Treasurer had addressed an official communication to the Auditor on the very day of the presentment of these bonds by the petitioner, expressly advising him that there were at that time sufficient Union Military funds in his hands to pay said bonds in full. We think this should have been taken by the Auditor as furnishing adequate official information of that fact for all the purposes of this redemption. And such being the fact, we think it was the imperative duty of the Auditor to proceed at once to compute the interest on the bonds so presented and to draw his warrant for the amount, without regard to any presentation which had been previously made on days when there were no such funds in the treasury. The statutes make no provision for any other order of priority in these cases. If bonds be presented when there are no funds, the Auditor may refuse to act upon the presentment then made, and this is all he can do in each case. If there be such funds in the treasury when the bonds are presented, and he is officially informed of the fact, the interest should be computed at once, and warrants drawn, until the funds are exhausted; and fairness and justice to all parties concerned would seem to require, in such case, that the demands made on any day should be taken by the Auditor in the order of their actual presentment to him on that day; but a previous presentment on a day when there were no funds can have no effect to give any right of priority. Nor is there anything in the statutes, or in the law governing the case, which would give countenance to the idea that there was to be anything like a *pro rata* payment out of this fund. And if in any way it should happen that a warrant should be drawn beyond the amount of the fund actually in the treasury at the time, the Treasurer would necessarily refuse to pay such warrant until there should be funds on hand applicable to that purpose; and such want of funds on hand, at the time of presentment, would be a sufficient justification for a refusal on the part of the Treasurer to pay such warrant at that time. In the case before us, we think a warrant

should have been drawn when the presentment was made. A peremptory *mandamus* will be ordered in accordance with this opinion. The other judges concur.

---

Peremptory *mandamus* was also ordered to issue in the cases of State *ex rel.* Hewitt, *ex rel.* Maurice, *ex rel.* Partridge, *ex rel.* Wingate, v. Auditor, resting upon the same state of facts.